**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jeremy Woodard, | Case No. 2:26-cv-01119-CDS-NJK |
| Plaintiff(s), | **ORDER** |
| v. | |
| Command Logistics LLC, | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.  Docket No. 1.

### I.   *In Forma Pauperis* Application

Plaintiff filed an affidavit required by § 1915(a).  Docket No. 1.  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, the application to proceed *in forma pauperis* (Docket No. 1) will be granted pursuant to 28 U.S.C. § 1915(a).  The Clerk's Office is further **INSTRUCTED** to file the complaint (Docket No. 1-1) on the docket.

### II.   Screening the Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723

(9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

To allege a *prima facie* case of retaliation in violation of Title VII, a plaintiff must allege that: (1) he engaged in protected conduct, such as complaining about discriminatory practices; (2) he suffered adverse employment action; and (3) there is a causal connection between the employee's protected conduct and the adverse action.  *See Davis v. Team Elec. Co.,* 520 F.3d 1080, 1093-94 (9th Cir.2008).  Plaintiff alleges that he complained of racial discrimination, brought suit against Defendant, and settled that lawsuit. Docket No. 1-1 at 5.  Plaintiff alleges that in retaliation for that protected activity, Defendant opposed his unemployment benefits. *See id.*  Construing the complaint liberally and for purposes of screening only,[1] the Court finds these allegations sufficient.

[1] The case law appears to be mixed as to whether a retaliation claim can be predicated on a challenge to unemployment benefits. *Compare Dannenbring v. Wynn Las Vegas, LLC*, 2014 WL 518759, at *5 (D. Nev. Feb. 7, 2014) (finding such a theory to be "non-sensical" and "confounding") *with Bunar v. Aliante Gaming, LLC*, 2017 WL 3469271, at *3 (D. Nev. Aug. 10, 2017) (rejecting *Dannenbring* and finding that a retaliation claim can be predicated on opposition to unemployment benefits); *Lee v. Yellow Checker Star Transp. Taxi Mgmt.*, 2024 WL 3875805, at *3 n.4 (D. Nev. Aug. 19, 2024) (collecting cases recognizing that opposing an unemployment benefits application may qualify as retaliatory discrimination in certain contexts).  The Court is not persuaded that this case should be dismissed at the screening stage, during which the Court has not been presented with briefing in the normal adversarial process, but the Court is not herein making a conclusive finding as to the viability of this theory of retaliation.  Nothing herein prevents Defendant from filing of a motion to dismiss.

## III.    Conclusion

Accordingly, **IT IS ORDERED** that:

1.  Plaintiff's request to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff is not required to pay the filing fee of $405. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* does not extend to the issuance and/or service of subpoenas at government expense.

2.  The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (Docket No. 1-1) on the docket.

3.  The Clerk of the Court shall issue summons to Defendant, and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the complaint to the U.S. Marshal for service.

4.  Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[2] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

5.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

6.  From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with

---

[2] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: April 14, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

4