UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jeremy Woodard,

Plaintiff

v.

Command Logistics LLC,

Defendant

Case No. 2:26-cv-01119-CDS-NJK

**Order Dismissing Case under Fed. R. Civ. P. 4(m)**

On July 13, 2026, the court notified plaintiff Jeremy Woodard of its intent to dismiss under Federal Rule of Civil Procedure 4(m) for failure to serve Command Logistics LLC. ECF No. 7. That notice advised, "this action may be dismissed without prejudice as to [Command Logistics] unless proof of service is filed with the clerk by 08/12/2026." *Id.* "Service on the party must have taken place prior to the expiration of the time limit set forth Fed. R. Civ. P. 4(m), or good cause must be shown as to why such service was not made in that period. Failure to comply with this notice may result in dismissal of the action without prejudice as to said parties." *Id.* That deadline passed without notice of service.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)." Fed. R. Civ. P. 4(c)(1).

On April 14, 2026, a copy of the summons and complaint was provided to the U.S. Marshal Service. ECF No. 4. Woodard was ordered to furnish the U.S. Marshal with the required USM-285 form—the designated control document for process served by a U.S. Marshal

or its designee—to initiate service of process on the defendant by May 4, 2026. *Id.* at 3. Woodard failed to do so. By failing to complete the USM-285 form within the time permitted, and by failing to serve the defendant within the timeframe imposed by Rule 4(m), this case is subject to dismissal.

Woodard's failure to prosecute this case by filing valid proof of service has caused an unreasonable delay. And a rebuttable presumption of prejudice arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Woodard has not offered any excuse for his failure to comply with the service requirement, and it is impossible to proceed without Woodard's active and timely participation. Moreover, this case cannot move toward disposition against the defendant without Woodard's compliance with court orders or participation in this litigation. Despite the court's attempt to avoid dismissal, Woodard has failed to respond to the court's notice of intent to dismiss or to move the case forward. As such, Woodard's conduct indicates that he does not intend to litigate this action diligently.

Because Woodard has not demonstrated that process has been served on the defendant within the time prescribed by Rule 4(m), IT IS ORDERED that this case is dismissed without prejudice under Federal Rule of Civil Procedure 4(m). The Clerk of Court is kindly instructed to close this case.

Dated: August 24, 2026

Cristina D. Silva
United States District Judge